JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA DEKALB, et al., | CASE NO. CV 15-6063-R |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND |
| v. | |
| C.R. BARD, Inc., et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion for Remand, which was filed on September 19, 2015. Having been thoroughly briefed by both parties, this Court took the matter under submission on October 13, 2015.

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instances." *Geographic Expeditions, Inc., v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

Diversity jurisdiction under Title 28 U.S.C. § 1332 requires complete diversity: every

plaintiff must be diverse from every defendant. *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). Plaintiffs contend that complete diversity is lacking on the face of the Complaint. The Complaint is brought on behalf of 93 Plaintiffs from 21 states, including three Plaintiffs from New Jersey. Defendant Bard is a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. For purposes of diversity jurisdiction, Defendant is a "citizen" of New Jersey. 28 U.S.C. § 1332(c)(1). Because Defendant Bard and three Plaintiffs are citizens of New Jersey, diversity is lacking on the face of the Complaint.

Defendant argues that "Plaintiffs have pled no facts which give rise to specific personal jurisdiction for the non-California Plaintiffs," and therefore, the non-California Plaintiffs should be dismissed, creating complete diversity. Defendant misconstrues this jurisdictional test. When analyzing general or specific personal jurisdiction, a court is not concerned with whether it can properly assert jurisdiction over a plaintiff, but instead whether it can haul an out-of-state defendant into its court. While Defendant's argument is unusual, it is not the first to raise it.

In *Keeton v. Hustler Magazine, Inc*., 465 U.S. 770 (1984), a New York resident sued Hustler magazine in New Hampshire for libel. The plaintiff had no contacts with New Hampshire, but it was the only remaining state where the statute of limitations had not run. Clearly, the plaintiff had engaged in blatant forum-shopping and the defendant challenged personal jurisdiction based in part on the plaintiff's complete lack of contacts with New Hampshire and the state's attenuated interest in the litigation. The Court rejected this argument, stating that it had never required plaintiffs to have minimum contacts with a forum state before permitting assertion of personal jurisdiction over a nonresident defendant. *Id*. at 779. In essence, the Court simply announced that there was no such thing as a plaintiff's minimum contacts requirement. While the Court suggested that a "plaintiff's residence is not, of course, completely irrelevant to the jurisdictional inquiry," it reaffirmed that a "plaintiff's residence in the forum State is not a separate requirement, and lack of residence will not defeat jurisdiction established on the basis of defendant's contacts." *Id*. at 780.

Although Defendant argues that California has no jurisdiction over the non-California Plaintiffs, California acquired such jurisdiction as soon as the Plaintiffs filed the instant case.

1    Defendant also argues that the New Jersey Plaintiffs have been fraudulently joined to
2    defeat complete diversity. The Ninth Circuit has recognized an exception to the complete diversity
3    requirement in the doctrine of fraudulent joinder, although there is a "general presumption"
4    against it. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). "Joinder of a non-
5    diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for
6    purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident
7    defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v.
8    Princess Cruises, Inc*., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. Gen. Foods
9    Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987)). Fraudulent joinder of a resident defendant to defeat
10   diversity jurisdiction must be proven by clear and convincing evidence. *Hamilton Materials, Inc.
11   v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).
12   Defendant asserts that it cannot be liable to the non-California Plaintiffs on any theory in a
13   California court because there is no personal jurisdiction over Sodfradim, or any other named
14   Defendants, with respect to the non-California Plaintiffs' claims, including claims brought by the
15   New Jersey Plaintiffs. This Court disagrees. As the Court held in *Keeton*, while plaintiff's
16   residence is not completely irrelevant to the jurisdictional inquiry, it is not a separate requirement,
17   and more importantly, lack of residence will not defeat jurisdiction established on the basis of
18   defendant's contacts. 465 U.S. at 780. Sodfradim, Bard and Tissue Science Laboratories are all
19   companies that have availed themselves to the protections and privileges of California's laws. The
20   Defendants collectively conduct substantial business in California, which include both sales and
21   marketing of their transvaginal mesh. These products were marketed to and sold to twenty-three
22   Plaintiffs in California. Just as in *Keeton*, where a non-resident of New Hampshire was allowed to
23   pursue her claims in the forum state despite a clear lack of contacts, so too can the non-California
24   Plaintiffs.
25   Defendant has not met its burden of establishing that the Court has diversity jurisdiction
26   over this case. Defendant fails to demonstrate that the New Jersey Plaintiffs were joined merely in
27   order to defeat diversity jurisdiction. Because complete diversity is destroyed by the presence of
28   the New Jersey Plaintiffs, this Court, once again, lacks jurisdiction over this case.

1 **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Remand is GRANTED. (Dkt.
2 No. 19) Accordingly, Defendant's Motion to Dismiss is DENIED as this Court no longer retains
3 jurisdiction over the matter. (Dkt. No. 15)
4 Dated: October 19, 2015.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE